UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ALONZO EDWARDS                                                                    PLAINTIFF

V.                                                    CIVIL ACTION NO. 3:20-CV-661-KHJ-FKB

ALLSTATE INSURANCE COMPANY,
LM GENERAL INSURANCE COMPANY,
ABC CORP., XYZ CORP., AND
JOHN DOES 1–10                                                                    DEFENDANTS

ORDER

This matter is before the Court on Defendant Allstate Insurance Company's ("Allstate") Motion to Dismiss [28] and Motion for Summary Judgment [30]. For the reasons below, the Court denies Allstate's motions.

I.   Background

This case arises out of a car accident that occurred in August 2019. Amend. Compl. [5] ¶ 7. Plaintiff Alonzo Edwards suffered injury and filed an uninsured/underinsured motorist claim under his policy with Allstate. *Id.* ¶ 11. He is seeking payment under the policy in the amount of $525,000 for bodily injury and pain and suffering resulting from the accident. *Id.* at 3–4. At issue here are several representations Edwards made in his interrogatory responses and deposition, which Allstate claims are deliberately false testimony. Mem. Supporting Mot. to Dismiss [29] at 1–3; Mem. Supporting Mot. for Summ. J. [31] at 1–2.

On May 4, 2020, Edwards responded to Allstate's interrogatories. He answered with the following:

> INTERROGATORY 15: If you are alleging to have incurred damages for past and future pain and suffering, state the factual basis for these claims, including any medically diagnosed disabilities or impairments you claim to have incurred as a result of the accident.
>
> RESPONSE: Dr. Illercil has recommended surgery and my pain has been constant and disrupted my daily life since this accident.
>
> . . .
>
> INTERROGATORY 23: Prior to the date of the accident alleged in your complaint, had you ever received medical treatment for injury or pain in the same or similar parts of the body for what you are claiming injury in this lawsuit.
>
> RESPONSE: No

Pl.'s Resp. to Interrogs. [30-2] at 5, 7. Almost a year later, Allstate deposed Edwards. Depo. of Edwards [30-3] at 1.[1] Allstate's attorneys asked about his medical history and shoulder pain:

> Q: Did you ever have any problems with your neck prior to the accident?
> A: No, sir.
> Q: Did you ever have any problems with your right shoulder prior to the accident?
> A: No, sir.
> Q: Did you ever have any problems with your left shoulder prior to the accident?
> A: No, sir.
> Q: Did you ever have any problems with your left rotator cuff prior to the accident?
> A: No, sir.
> Q: Did you ever have any problems with your left hand prior to the accident?
> A: No, sir.

---

[1] The Court uses the page numbering assigned by CM/ECF.

> Q: Did you ever have any problems with your left arm prior to the accident?
> A: No, sir.
> Q: Did you ever have any problems with your left wrist prior to the accident?
> A: No, sir.
> . . .
> Q: Are there any other places [you might have received medical treatment] — we'll go ten years prior to the accident.
> A: Yes, sir.
> Q: Are there any other places that you received medical treatment? Do you have another primary care physician?
> A: No, it's only Merit Health, which is Christie Hull, and then Dr. Rice, which she's at UMC right down the street here. That's it. Because like I said, before — be honest with you, I'm going to be honest with you, before the accident I don't — no pain no — I've never, never, never had to take no medication. I do do fish oils. I like mulitvitamins. Like I said, I'm a bigger guy, but I've always been able to, you know, work out, you know do stuff like that. So I've never had any issues. My blood pressure is good. My — because I just had my physical done, so all my stuff is good.

*Id.* at 65–67. Edwards also testified the last time he went to the gym was in August 2019—just before the accident—and he did not return until October 2020. *Id.* at 62.

Allstate argues that these statements were dishonest, providing the following medical records. In 2015, MEA Medical Clinics treated Edwards for shoulder pain in his right shoulder, prescribed medication, and ordered an X-ray. Medical Records [34] at 2. Also in 2015, Edwards went to Quinn Healthcare complaining of headaches and six-out-of-ten shoulder pain. *Id.* at 6. The clinic noted he had osteoarthrosis in his shoulders which began three years earlier. *Id.* at 8. In 2016, Edwards sought care from a sports medicine and orthopedic center complaining of bilateral shoulder pain. *Id.* at 19. Edwards told the center he was in a car accident eight years prior and had pain since then. *Id.* He claimed pain increased when he

3

laid on his side at night or did overhead weight training. *Id.* He took steroids for some time to treat the pain. *Id.* The orthopedic center ultimately ordered an MRI of his shoulder. *Id.* at 21. Following his MRI, his observing physician noted Edwards had "partial thickness intrasubstance tear of distal supraspinatus . . . he does have pain on rotator cuff specific testing." *Id.* at 24. In 2017, FMG Flowood River Oaks HMA Medical Group LLC ("FMG") diagnosed Edwards with carpel tunnel syndrome in his left upper limb after he complained of acute, moderate aching. *Id.* at 26–27. Edwards received a wrist splint. *Id.* at 27. In May 2019, Edwards went to Merit Health where he presented with pain in his left hand. *Id.* at 29. Merit Health treated him for radicular pain. *Id.* at 35, 40. Edwards returned to FMG the next month complaining of right shoulder problems and reporting "some sharp shooting pain in the left arm." *Id.* at 56–57.

Since the car accident, Edwards has seen Dr. Orhan Illercil at Mississippi Brain and Spine. *Id.* at 65–66. Dr. Illercil stated, "I recommend no neurological surgery with regards to his neck. I recommend evaluation by orthopedics with regards to cervical spine." *Id.* (dictated by EMR/voice recognition). Edwards also has been back to FMG where he reported that he returned to the gym just a few days after the accident. *Id.* at 68.

Allstate moves for dismissal and summary judgment asserting that these medical records demonstrate Edwards gave false testimony under oath. [29] at 2; [31] at 1–2. Allstate asserts dismissal is a warranted sanction for blatant lying on the record. [29] at 8–12. Allstate also argues that, under Mississippi law and the

4

uninsured motorist contract, the coverage is void and summary judgment must issue. [31] at 8–10. Edwards responds that the Court must interpret Allstate's motion as one for summary judgment and that Edwards was describing a different type of pain in the deposition than in the medical records. Mem. in Resp. to Mot. To Dismiss [39] at 1–3. Edwards further argues Allstate's motion does not cite a specific, non-ambiguous provision in the contract which voids the policy in the face of perjury. Mem. in Resp. to Mot. for Summ. J. [41] at 2. He also provides an affidavit, stating the pain he experiences now radiates from his neck outward, and the pain from the past came from his shoulder and wrist themselves. Affidavit of Edwards [38-1].

II.   Analysis

   a. Sanctions

"The federal courts are vested with the inherent power 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Woodson v. Surgitek*, 57 F.3d 1406, 1417 (5th Cir. 1995) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, (1962)). This power includes the ability to sanction bad faith conduct during litigation that is beyond the reach of the Federal Rules or for which the Federal Rules' sanctions might be inadequate. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991). Dismissal with prejudice is an extreme sanction which is normally appropriate where "(1) there is 'a clear record of delay or contumacious conduct by the plaintiff,' and (2) 'lesser sanctions would not serve the best interests of justice.'" *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 77 (5th Cir. 2011) (quoting

5

*Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1159 (5th Cir. 1985)). A court using its inherent sanction power must find bad faith in litigation by clear and convincing evidence. *In re Moore*, 739 F.3d 724, 730 (5th Cir. 2014).

To begin, the Court does not interpret Allstate's Motion to Dismiss [28] as a motion pursuant to 12(b)(6) or 12(c), but a motion for sanctions generally authorized by Rule 7(b). So, it does not convert to a motion for summary judgment. *See* Fed. R. Civ. P. 12(d).

The Court does not find proof by clear and convincing evidence that Edwards committed sanctionable false swearing or perjury. Perjury is the false testimony under oath "concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan*, 507 U.S. 87, 94 (1993) (citation omitted). The Court must find that Edwards *willfully* made statements he knew were false. When used in a criminal or punitive sense, willfully denotes an act "done with bad purpose"—that is, with specific intent to communicate falsehood. *See United States v. Kerley*, 643 F.2d 299, 302 (5th Cir. Unit B 1981) (citation omitted); *Bronston v. United States*, 409 U.S. 352, 359 (1973) ("state of mind of the witness is relevant only to the extent that it bears on whether 'he does not believe [his answer] to be true.'" (alteration in original)).

Edwards does not concede he lied. He argues he did not willfully make false statements and justifies his answers stating, in part, "The pain in my shoulder/arm is not from direct pain originating in my shoulder." [38-1] ¶¶ 2, 4. He states the pain

6

he experiences now is from his neck and is not in direct relation to his past shoulder injury. *Id.* ¶¶ 3–4. Edwards describes his current pain as different, stemming from the neck and "work[ing] its way down." *Id.* ¶ 8. It is not clear Edwards intended to communicate falsehoods. Most of these statements concern Edwards's experience of pain in the past, the inaccuracies of which could be due to either mistaken memory or the difficulty of now evaluating foregone subjective experiences. With Edwards categorically denying false swearing, no other evidence outside the statements rebuts the possibility of a mistake, misunderstanding, or memory-lapse.

Equally contestable is the characterization of Edwards's answers to the questions. While his answers are no hallmark of precision and clarity, the questions leave some room for ambiguity, especially for a layperson plaintiff. Edwards's statements and present affidavit are not "so different that if one is true there is no way the other can also be true." *United States v. McAfee*, 8 F.3d 1010, 1015 (5th Cir. 1993) (citation omitted).

For purposes of sanctions, the Court remains unpersuaded that there is clear and convincing evidence Edwards perjured himself or is otherwise guilty of contumacious conduct. "It may well be that [his] answers . . . were shrewdly calculated to evade" or that he had fortunately suspicious lapses of memory, but it is unclear Edwards specifically intended to make false statements. *See Bronston*, 409 U.S. at 362. Even if so, Allstate is left with a powerful, adequate remedy: cross-examination. The Court therefore denies Allstate's motion for sanctions.

      b. Summary Judgment

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact issue is 'material' if its resolution could affect the outcome of the action." *Levy Gardens Partners 2007, L.P. v. Commw. Land Title Ins. Co.*, 706 F.3d 622, 628 (5th Cir. 2013) (citation omitted). "An issue is 'genuine' if 'the evidence is such that a reasonable [factfinder] could return a verdict for the nonmoving party.'" *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In analyzing a motion for summary judgment, "the judge's function is not [her]self to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Klocke v. Watson*, 936 F.3d 240, 246 (5th Cir. 2019) (quoting *Anderson*, 477 U.S. at 249). A party seeking to avoid summary judgment must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The Court views the evidence and draws reasonable inferences in the light most favorable to the nonmovant. *Duval v. N. Assur. Co. of Am.*, 722 F.3d 300, 303 (5th Cir. 2013).

Under Mississippi law, false swearing voids insurance policies. *See Edmiston v. Schellenger*, 343 So. 2d 465, 465–67 (Miss. 1977). "[T]o constitute fraud or false swearing . . . there must be false statements wil[l]fully made with respect to a

8

material matter and with the intention of thereby deceiving the insurer." *Id.* at 466 (citations omitted). Allstate's contract with Edwards specifically reiterates this language: "We may not provide coverage for any insured who has made fraudulent statements or engaged in fraudulent conduct in connection with any accident or loss for which coverage is sought under this policy." Allstate Policy [30-4].

Again, Edwards denies intending to deceive. *See* [38-1]. A reasonable jury could find Edwards did not have the specific intent necessary to make his conduct fraudulent. *See supra* section II.a. At the summary judgment stage, the Court may not weigh evidence or consider credibility. The Court finds unresolved issues of fact—the falsity of the statements and Edwards's intent—exist for a properly instructed jury to resolve. Without fraudulent conduct, Allstate is not entitled to summary judgment.

III.   Conclusion

The Court has considered all arguments. Those arguments not addressed would not have changed the outcome of the Court's decision. For the reasons stated, the Court DENIES Allstate's Motion to Dismiss [28]. Because material facts remain in dispute, the Court DENIES Allstate's Motion for Summary Judgment [30].

SO ORDERED AND ADJUDGED this the 3rd day of February, 2022.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE